UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HERBERT,                                    Case No. 08-CV-11582

         Plaintiff,                               Hon. John Corbett O'Meara

v.

AMERICAN TRUCK DRIVING SCHOOL,
and CAROLYN RODGERS,

         Defendants.

_____/

## ORDER GRANTING APPLICATION TO PROCEED
## *IN FORMA PAUPERIS*  AND DISMISSING COMPLAINT

Plaintiff David Herbert filed a *pro se* complaint on April 14, 2008, along with an

application to proceed *in forma pauperis*.  The court finds Plaintiff's application to proceed *in*

*forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed

without prepayment of fees.  See 28 U.S.C. § 1915(a); Gibson v. R.G. Smith Co., 915 F.2d 260,

262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review

the complaint pursuant to 28 U.S.C. § 1915(e).  The court shall dismiss the case if the court finds

that it is "frivolous or malicious."  28 U.S.C. § 1915 (e)(2)(B)(i).  A complaint is frivolous under

§ 1915 if it "lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325

(1989).  A complaint lacks an arguable basis in law when "indisputably meritless legal theories

underlie the complaint."  Brand v. Motley, 526 F.3d 921, 923 (6th Cir. 2008) (internal citations

omitted).  "*Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed."  Goodell v. Anthony, 157 F.Supp.2d 796, 799 (E.D. Mich. 2001).

     *Pro se* plaintiff's pleadings are liberally construed.  Middleton v. McGinnis, 860 F.Supp.2d 391, 392 (E.D. Mich. 1994) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  *Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers."  El Bey v. Roop, 530 F.3d 407, 413 (6th Cir. 2008) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).  However, courts cannot create a claim for a *pro se* plaintiff.  Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975).  The court cannot transform "from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (quoted in Crawford v. Crestar Foods, 2000 U.S. App. Lexis 6695 at *5 (6th Cir. 2000)).

     Having construed Plaintiff's complaint liberally, the court concludes that it lacks an arguable basis on law.  Defendants allegedly billed Plaintiff for a student loan, which Plaintiff insists he did not authorize.  Defendants then waited twenty-two years to make the Plaintiff aware of this debt.  As a result, Plaintiff alleges that Defendants deprived him of his constitutional right under the Fourth Amendment to be secure in his "house, person, paper and effects" by harming Plaintiff's credit rating.  However, private parties are generally not liable for alleged violations of the Fourth Amendment, and Plaintiff has failed to allege that Defendants acted as a states actors under any of the three tests set forth in Tafts v. Proctor, 316 F.3d 584, 590-91 (6th Cir. 2003).  Therefore, Plaintiff's complaint lacks an arguable basis in law.

     Therefore, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Based on the preceding order, any appeal by Plaintiff would be frivolous and not in good faith.  28 U.S.C. § 1915(a)(3); <u>Goodell</u>, 157 F.Supp.2d at 802.


Date: July 23, 2009                                   <u>s/John Corbett O'Meara</u>
                                                      United States District Judge




I hereby certify that a copy of the above order was served upon plaintiff at the Flint Parole Office c/o David Gruenberg and Charles Green, Carman Plaza, G3310 Corunna Road, Flint, MI  48532, on this date, July 23, 2009, by ordinary mail.

                                                      <u>s/William Barkholz</u>
                                                      Case Manager